**STATE of North Dakota, Plaintiff/Appellee,**

v.

**Clay FLEMMER, Defendant/Appellant.**

**Cr. No. 449.**

Supreme Court of North Dakota.

Oct. 1, 1973.

Rehearing Denied Oct. 23, 1973.

Benjamin C. Pulkrabek, Bismarck, for defendant/appellant.

Allen I. Olson, Atty. Gen., and Thomas F. Kelsch, State's Atty., and Dennis A. Schneider, Asst. State's Atty., Bismarck, for plaintiff/appellee.

ERICKSTAD, Chief Justice.

On March 26, 1973, the defendant Clay Flemmer pleaded guilty on the advice of counsel to the crime of possession of a controlled substance. The trial judge sentenced him to imprisonment in the State Penitentiary for one year, with the sentence to commence at the expiration of a two-to-five-year term of imprisonment

which he was then serving as a result of a conviction of the crime of delivery of a controlled substance.

Clay has appealed to this court, contending that the trial court was in error in imposing a consecutive sentence. He seeks to have the same issue determined through the certification of the following question: "Does North Dakota law, when a defendant has been sentenced to the Penitentiary for a crime, and while he is serving this sentence is convicted of a subsequent crime, other than escape or attempted escape from the Penitentiary, give the Court passing sentence on this second crime the power and jurisdiction to sentence the defendant in such a manner that the second sentence will run consecutively to the sentence now being served?"

The pertinent section of our Code relative to certification reads:

"32-24-01. When question may be certified.—Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined." N.D.C.C.

■ It is our view that when, as here, the trial court did not halt the proceedings but concluded them by imposing sentence and judgment, the certification procedure does not apply.

We shall, however, proceed to a determination of the issue on appeal.

Clay refers us to two statutes. They follow:

"1-02-02. Words to be understood in their ordinary sense.—Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C.

"12-06-24. Two or more convictions —Sentences.—When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction may commence at the termination of the first term of imprisonment to which he shall be adjudged or at the termination of the second or other subsequent term of imprisonment, as the case may be, or the sentences may be made to run concurrently in the discretion of the court." N.D.C.C.

Clay contends and the State agrees that since sentence had been previously pronounced upon him for the crime of delivery of a controlled substance, Section 12-06-24, N.D.C.C., does not apply to him.

Clay contends that since Section 12-06-24, N.D.C.C., is not applicable, Section 12-06-09, N.D.C.C., applies and requires that the sentence commence to run at the time of its pronouncement.

Section 12-06-09 reads:

"When term of imprisonment commences to run.—The term of imprisonment fixed by the judgment in a criminal action commences to run only from the time of the sentence of the defendant. If during such term the defendant escapes or by any legal means is released temporarily from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term." N.D.C.C.

He further asserts that the only other statute relating to consecutive sentences is Section 12-16-05, N.D.C.C., and since that applies only to an attempted escape or es-

cape that it does not apply in the instant case.

The pertinent part of that statute reads:

"12–16–05. Escape or attempted escape from prison—Punishment.—Any person confined in any prison upon a charge, arrest, commitment, or conviction for a felony who shall escape from or break said prison with intent to escape therefrom, or who shall attempt by force or fraud or in any other manner to escape from said prison, whether such escape is effected or not, shall be guilty of a felony, and if such escape or attempted escape shall be made from a penitentiary, he shall be subject to imprisonment therein for a term not more than double the term for which he originally was sentenced, to commence upon the expiration of his former sentence. * * *" N.D.C.C.

He further asserts that Section 62–01–02, N.D.C.C., relating to the imposition of additional punishment when certain crimes are committed while armed also does not apply.

That section reads:

"62–01–02. Committing crime when armed—Punishment.—Any person who shall commit or attempt to commit murder, manslaughter, except manslaughter arising out of the operation of an automobile, kidnaping, mayhem, assault to do great bodily harm, or any other aggravated assault, robbery, burglary, extortion, larceny, making or possessing burglar's instruments, buying or receiving stolen property, aiding escape from prison, or unlawfully possessing or distributing habit-forming narcotic drugs, when armed with a pistol, may be punished by imprisonment for not more than ten years in addition to the punishment provided for the crime." N.D.C.C.

The State asserts that Section 12–06–09, N.D.C.C., does not prohibit a consecutive sentence. It agrees that Sections 12–16–05 and 62–01–02, N.D.C.C., do not apply.

It is the State's position that there is only one situation in North Dakota when a consecutive sentence is mandatory, and that is in the case of an escape or an attempt to escape, and that it is within the trial court's discretion in all other instances to determine whether a sentence should run consecutively or concurrently.

The State points out that the district court is a constitutional office with wide authority. Section 103, Constitution of North Dakota. The State asserts further that if this court were to adopt Clay's reasoning to the effect that a sentence must begin when pronounced, there would be little to deter a person from committing a crime while in the Penitentiary.

It contends that this conclusion follows from the fact that the longer the sentence one is serving while in the Penitentiary, the more serious a crime one may commit while there without suffering any additional confinement.

The State rejects as preposterous the argument that the solution lies in the warden's power to restrict an inmate's privileges while in the Penitentiary when he commits another crime while there.

■ Notwithstanding that the State has found no case law clearly in point supporting its position, and Clay has cited a number of decisions of other states which have required a sentence in a comparable situation to run concurrently, we conclude that since we have no law which prohibits a district court from imposing a consecutive sentence, it was within the district court's discretion to determine whether the sentence should run concurrently or consecutively in this instance.

This view is in accord with the recommendations contained in the Standards Relating to Sentencing Alternatives and Procedures.

"The Advisory Committee has advocated in sections 3.1 and 3.2, *supra*, the position that the sentencing court should

have control over the actual length of the maximum and any minimum term. For the same reasons, the Committee is of the view that the *principle of judicial discretion should control the determination of whether a concurrent or a consecutive sentence should be imposed.* * * *" [Emphasis added.] American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, 1968, p. 175.

Senate Bill 2045 of the 1973 session of our Legislature completely revises Title 12 of our Code. Section 31 thereof creates Chapter 12.1–32 of the North Dakota Century Code, and Section 12.1–32–11 relates, among other things, to the courts' authority to impose consecutive sentences.

"12.1–32–11. 1. Separate sentences of commitment imposed on a defendant for two or more offenses constituting a single criminal episode shall run concurrently. Sentences for two or more offenses not constituting a single criminal episode shall run concurrently unless the court specifically orders otherwise.

"2. Unless the court otherwise orders when a person serving a term of commitment imposed by a court of this state is committed for another offense or offenses, the shorter term or the shorter remaining term shall be merged in the other term. When a person on probation or parole for an offense committed in this state is sentenced for another offense or offenses, the period still to be served on probation or parole shall be merged in any new sentence of commitment or probation. A court merging sentences under this subsection shall forthwith furnish each of the other courts previously involved and the penal facility in which the defendant is confined under sentence with authenticated copies of its sentence, which shall cite the sentences being merged. A court which imposed a sentence which is merged pursuant to this subsection shall modify such sentence in accordance with the effect of the merger.

"3. If sentences for multiple offenses are imposed to run consecutively, the aggregate total term of imprisonment resulting from such consecutive sentences shall not exceed the maximum term allowable under section 12.1–32–08 for the highest classification of offense for which the defendant is being sentenced.

"4. When sentenced only for misdemeanors, a defendant may not be consecutively sentenced to more than one year, except that a defendant being sentenced for two or more class A misdemeanors may be subject to an aggregate maximum not exceeding that authorized by section 12.1–32–01 for a class C felony if each class A misdemeanor was committed as part of a different course of conduct or each involved a substantially different criminal objective." Session Laws of North Dakota 1973.

As Senate Bill 2045 does not become effective until July 1, 1975, the pertinent section thereof relating to the issue in this case is set forth herein merely to help alert our people to the new features of the law relative to this subject while there is still time to revise the law in the intervening session of the Legislature, should such revision be necessary.

For the reasons stated herein, we affirm the sentence and judgment of the trial court.

TEIGEN, PAULSON, KNUDSON and VOGEL, JJ., concur.

VOGEL, J., was not a member of the Court at the time of submission of this case, he participated on the briefs filed in this case.