**STATE of North Dakota,**
**Plaintiff-Appellee,**

v.

**Larry LeRoy RUDOLPH, Defendant-Appellant (two cases).**

Cr. Nos. 585, 586.

Supreme Court of North Dakota.

Nov. 10, 1977.

**14**

Burt L. Riskedahl, Bismarck, for appellant.

Charles J. Gilje, State's Atty., and Georgia M. Pope, Sp. Asst. State's Atty., Jamestown, for appellee; argued by Georgia M. Pope, Sp. Asst. State's Atty., Jamestown.

PAULSON, Justice.

This is an appeal by the defendant, Larry LeRoy Rudolph [hereinafter Rudolph], from the two judgments of conviction entered on February 8, 1977, by the Stutsman County District Court, upon jury verdicts finding Rudolph guilty of four separate class C felonies.

During September of 1976, the State of North Dakota filed two criminal complaints against Rudolph charging him with the following four separate counts of class C felonies: (1) burglary of the Spirit Inn at Spiritwood Lake, on June 22, 1976, in violation of § 12.1–22–02 of the North Dakota Century Code; (2) burglary of the Fosholdt Grocery Store, on August 17, 1976, in violation of § 12.1–22–02, N.D.C.C.; (3) theft of an automobile, on August 17, 1976, in violation of § 12.1–23–02, N.D.C.C.; and (4) theft of a citizens' band radio, on August 9, 1976, in violation of § 12.1–23–02, N.D.C.C.

On January 17, 1977, a jury trial was commenced in the Stutsman County District Court, and on January 18, 1977, the jury returned its verdicts, finding Rudolph guilty of all four offenses.

On February 8, 1977, the trial court sentenced Rudolph to five years' imprisonment in the North Dakota State Penitentiary on his conviction for theft of the automobile. The trial court also sentenced Rudolph to one five-year term of imprisonment on his convictions for the theft of the CB radio, the burglary of the Spirit Inn, and the burglary of the Fosholdt Grocery Store, which five-year sentence was to run consecutively to the five-year sentence on the conviction for theft of the automobile. At the time of sentencing, Rudolph was serving a one-year prison sentence on a prior conviction, and the trial court imposed the 10-year term to run concurrently with that prior one-year sentence. The trial court, by its imposition of the two consecutive five-year prison terms, sentenced Rudolph to a total of ten years' imprisonment on the four class C felony convictions.

Rudolph raises the following two issues on this appeal:

(1) Whether subsection 2 of § 12.1–32–11, N.D.C.C., prohibits the court from imposing more than a five-year sentence in the instant case.

(2) Whether the trial court abused its discretion when it sentenced Rudolph to ten years' imprisonment.

■ Subsection 3 of § 12.1–32–01, N.D.C.C., provides that a maximum penalty of five years' imprisonment, a fine of five thousand dollars, or both, may be imposed upon anyone convicted of a class C felony. At the time that Rudolph was sentenced, on February 8, 1977, subsection 2 of § 12.1–32–11, N.D.C.C., was in effect[1] and provided as follows:

---

1. Subsection 2 of § 12.1–32–11, N.D.C.C., was subsequently repealed during the 1977 Session of the Legislature [S.L.1977, Ch. 129, § 1]. Thus, no statute currently exists in this State

*"12.1–32–11. Merger of sentences— Sentencing for multiple offenses.–*

.  .  .  .  .

"2. If sentences for multiple offenses are imposed to run consecutively, the aggregate total term of imprisonment resulting from such consecutive sentences shall not exceed the maximum term allowable under section *12.1–32–08* for the highest classification of offense for which the defendant is being sentenced." [Emphasis added.]

This subsection was intended to place a limitation on the aggregate maximum sentence which could be imposed for multiple offenses. Unfortunately, this subsection erroneously makes reference to § 12.1–32–08, N.D.C.C., which deals with hearings prior to imposing restitution or reparation but does not deal with maximum sentences allowable for various classifications of offenses. In view of the legislative history of the bill containing subsection 2 of § 12.1–32–11, N.D.C.C., it is obvious that subsection 2 thereof was intended to make reference to § 12.1–32–09, N.D.C.C., rather than to § 12.1–32–08, N.D.C.C.[2] The error is the result of altered numbering in the final bill as introduced in the 1973 Legislature, coupled with a retention of the referencing number from previous drafts of the bill [Senate Bill No. 2045, 43d Legislative Assembly]. If we construe subsection 2 of § 12.1–32–11, N.D.C.C., with the intended reference to § 12.1–32–09, N.D.C.C., that subsection limits the sentence of imprisonment for multiple offenses to ten years where the highest classification of offense is a class C felony.

Rudolph asserts that the erroneous reference to § 12.1–32–08, N.D.C.C., within subsection 2 of § 12.1–32–11, N.D.C.C., renders that subsection ambiguous and invalid. Rudolph further asserts that the maximum imprisonment the trial judge was therefore authorized to impose for the four class C felony convictions was a total of five years. We agree with Rudolph's assertion that subsection 2 of § 12.1–32–11, N.D.C.C., was ambiguous, but we disagree with his assertion that the trial judge was limited to the imposition of a five-year prison sentence.

Assuming, *arguendo*, that subsection 2 of § 12.1–32–11, N.D.C.C., was invalid on the grounds of vagueness and ambiguity, the trial judge could have sentenced Rudolph to a maximum total of twenty years' imprisonment on the four class C felony convictions pursuant to subsection 3 of § 12.1–32–01, N.D.C.C. On the other hand, if we assume, *arguendo*, that subsection 2 of § 12.1–32–11, N.D.C.C., can be upheld as being unambiguous by inserting the proper reference there-

which restricts the aggregate total term of imprisonment that can be imposed for multiple sentences.

**2.** The Minutes of the Committee on Judiciary "B", North Dakota Legislative Council, September 21–22, 1972, set forth in relevant part as follows:

"The Chairman called on the Committee Counsel for an overview of the second draft of the sentencing code which reads as follows:

.  .  .  .  .

" 'SECTION 8.)

.  .  .  .  .

'2. The extended sentence may be imposed in the following manner:

.  .  .  .  .

'c. If the offense for which the offender is convicted is a class C felony, the court may impose a sentence up to a maximum of imprisonment for ten years.'

.  .  .  .  .

" 'SECTION 10.)

.  .  .  .  .

'3. If sentences for multiple offenses are imposed to run consecutively, the aggregate total term of imprisonment resulting from such consecutive sentences shall not exceed the maximum term allowable under section 8 for the highest classification of offense for which the defendant is being sentenced.' "

The *Report of the North Dakota Legislative Council,* 43d Leg. Assembly, 1973, Committee on Judiciary "B", at page 92, states, in relevant part, as follows:

"If the court orders multiple sentences to run consecutively, the aggregate total term of imprisonment which the offender must serve cannot exceed the maximum term allowable under the extended sentence provisions for the highest classification of offense for which the defendant was sentenced. Thus, if an offender was sentenced for a Class B felony and two Class C felonies, the maximum aggregate total term of imprisonment which he would have to serve could not exceed 20 years."

in of § 12.1–32–09, N.D.C.C., in light of the legislative history of the bill (Senate Bill No. 2045, 43d Legislative Assembly),[3] then the trial judge was authorized to sentence Rudolph only to a maximum total of ten years' imprisonment on the four class C felony convictions. Since the trial court did in fact sentence Rudolph to a total of only ten years' imprisonment, it is unnecessary for this court to determine whether subsection 2 of § 12.1–32–11, N.D.C.C., was valid or whether that subsection was vague and ambiguous, and, thus, invalid. Under either conclusion, the trial judge acted within the statutory limits when he imposed an aggregate ten-year prison sentence upon Rudolph. Accordingly, we hold that the sentence imposed upon Rudolph on the four class C felony convictions was within the statutory limits.

Rudolph also raises the issue, on appeal, whether the trial judge abused his discretion when he sentenced Rudolph to ten years' imprisonment.

■ The trial court is empowered to impose sentences in criminal cases pursuant to Rule 32(a) of the North Dakota Rules of Criminal Procedure and to Chapter 12.1–32, N.D.C.C. The trial court has wide discretion in determining the length of sentences imposed. *State v. Smith*, 238 N.W.2d 662 (N.D.1976); *State v. Ankney*, 195 N.W.2d 547 (N.D.1972). In the absence of a statute to the contrary, it is also within the trial court's discretion to determine whether the sentence should run concurrently or consecutively with another sentence. *State v. Flemmer*, 211 N.W.2d 189 (N.D.1973). The trial court's imposition of sentence will not be set aside for abuse of discretion unless: (1) the sentence imposed exceeds the statutory limits [*State v. Joern*, 249 N.W.2d 921 (N.D.1977); *Waltman v. Austin*, 142 N.W.2d 517 (N.D.1966); *State v. Jochim*, 55 N.D. 313, 213 N.W. 484 (1927); *State v. Wisnewski*, 13 N.D. 649, 102 N.W. 883 (1905)]; or

(2) the trial judge substantially relied upon an impermissible factor in determining the severity of the sentence to be imposed [*State v. Smith*, 238 N.W.2d 662 (N.D. 1976)].

■ In the instant case, the trial judge filed a written statement, pursuant to subsection 5 of § 12.1–32–02, N.D.C.C., setting forth the reasons he imposed the two consecutive five-year prison terms, as follows:

### "STATEMENT OF REASONS FOR SENTENCE OF IMPRISONMENT

.　　　.　　　.　　　.

"3. The defendant did not act under strong provocation.

"4. There were no substantial grounds which tended to excuse or justify the defendant's conduct.

"5. The victim of the defendant's conduct did not induce or facilitate its commission.

"6. The defendant has not made or will not likely make restitution or reparation to the victim of his conduct for damage or injury sustained.

"7. The defendant has a history of prior delinquency or criminal activity, or has not led a law-abiding life for a substantial period of time before the commission of the present offense.

"8. The defendant's conduct was the result of circumstances likely to recur.

"9. The character, history, and attitudes of the defendant indicate that he is likely to commit another crime.

"10. The defendant is particularly unlikely to respond affirmatively to probationary treatment.

"11. The imprisonment of the defendant would not entail undue hardship to himself or his dependents.

"12. The defendant is neither elderly nor in poor health.

.　　　.　　　.　　　.　　　.

---

**3.** Subsection 3 of § 1–02–39, N.D.C.C., provides:

"If a statute is ambiguous, the court, in determining the intention of the legislation, may consider among other matters:

.

3. The legislative history."

"14. The defendant did not cooperate with law enforcement authorities by bringing other offenders to justice, or otherwise cooperate.

"15. Confinement is necessary in order to protect the public from further criminal activity by the defendant.

"16. The defendant is in need of correctional treatment which can most effectively be provided if he is placed in total confinement.

"17. It would unduly depreciate the seriousness of the offense to impose a sentence other than total confinement."

The reasons which the trial judge considered in his decision to impose the aggregate ten-year prison sentence upon Rudolph are proper factors which should be accorded weight by the judge in reaching such a decision. See § 12.1–32–04, N.D.C.C. Rudolph does not assert on appeal, nor is there any indication in the record, that the trial judge considered any impermissible factors in making his determination. As we stated previously in this opinion, the sentence imposed against Rudolph is within the limits provided by the law of this State. Accordingly, we hold that the trial judge did not abuse his discretion when he sentenced Rudolph to two consecutive five-year terms-of imprisonment.

In accordance with this opinion, the judgments of conviction are affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.