STATE of North Dakota,
Plaintiff-Appellee,

v.

Robert M. LUEDER,
Defendant-Appellant.

Crim. No. 536–A.

Supreme Court of North Dakota.

June 28, 1978.

Robert M. Lueder, pro se.

Thomas B. Jelliff, State's Atty., Grand Forks, for plaintiff-appellee.

PAULSON, Judge.

On August 27, 1977, Robert M. Lueder, petitioned the Grand Forks District Court to vacate the judgment of conviction entered against him on January 29, 1965, upon his plea of guilty to a charge of first-degree robbery. The application for relief was brought under North Dakota's Uniform Post-Conviction Procedure Act, Chapter 29–32 of the North Dakota Century Code. On December 5, 1977, the district court entered an order denying Lueder's request for relief, and Lueder now appeals to this court from that order.

Lueder has filed a Motion for Judgment with this court requesting the relief sought in his brief on the ground that the State failed to file a timely brief. Lueder's brief was filed with this court on January 23, 1978, and his Motion for Judgment was filed on March 21, 1978. The State filed its brief with this court on March 29, 1978.

Pursuant to Rule 31(a) of the North Dakota Rules of Appellate Procedure the appellee "shall serve and file his brief within thirty days after service of the brief of the appellant". Under Rule 31(c), N.D.R. App.P., an appellee who fails to file his brief will not be heard at oral argument except by permission of the court. Both parties waived oral arguments on this appeal and therefore Lueder could not possibly have been prejudiced by the State's late filing of its brief. This court looks with strong disfavor upon the irresponsible practice of filing a late brief. Nevertheless, the State's late filing of its brief, under the circumstances, presents no basis upon which this court can grant Lueder's requested relief. Accordingly, Lueder's Motion for Judgment is denied.

This is the second application for post-conviction relief from the January 29, 1965, judgment that Lueder has brought under the Uniform Post-Conviction Procedure Act. In *State v. Lueder,* 242 N.W.2d 142 (N.D.1976), this court affirmed the district court's denial of post-conviction relief.

Lueder now raises the following issues for review, which he has delineated as follows:

*Point I.* The Grand Forks juvenile court erred in summarily waiving jurisdiction over the petitioner, since the basis for its waiver, petitioner's confession to the alleged crimes in question, was unconstitutionally extracted through coercive measures.

*Point II.* Petitioner's prior involvement with the Great Falls, Montana, juvenile authorities, and his November 20, 1964, conviction in Minot, North Dakota, for burglary, did not constitute probable cause to waive juvenile jurisdiction in Grand Forks.

*Point III.* Petitioner's plea of guilty was neither voluntarily nor intelligently entered, since it was predicated on a coerced confession, and the assumption that the confession extracted by the Minot police rebutted any further protest of innocence to his charge of robbery in Grand Forks.

*Point IV.* The district court erred in using the petitioner's prior conviction in Minot, North Dakota, as a recidivist in its determination of the type or amount of punishment to impose.

*Point V.* In consideration of this court's recent decision in *State v. Lueder,* 252 N.W.2d 861 (N.D.1977), an order should issue granting petitioner a full evidentiary hearing in order that an adequate record may be formulated.

■ Section 29–32–08, N.D.C.C., limits an applicant's right to seek post-conviction relief through multiple proceedings. It provides as follows:

"*29–32–08. Waiver of or failure to assert claims.*—All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental, or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

Pursuant to this section, an issue which is finally adjudicated in a prior post-conviction proceeding cannot be asserted in a subsequent request for relief under Chapter 29–32, N.D.C.C., unless the court finds that there is "sufficient reason" why the issue was inadequately raised in the prior proceeding. This section also provides that any issue not raised in a prior post-conviction proceeding cannot be asserted in a subsequent request for relief under Chapter 29–32, N.D.C.C., unless the court finds that there is "sufficient reason" why the issue was not asserted in the prior proceeding. *See, Smith v. State,* 546 P.2d 1351 (Okl.Cr. App.1976); *Luckett v. Warden, Nevada State Prison,* 91 Nev. 681, 541 P.2d 910 (1975), *cert. denied* 423 U.S. 1077, 96 S.Ct. 864, 47 L.Ed.2d 88 (1976); *Rinehart v. State,* 234 N.W.2d 649 (Iowa 1975).

■ Certain issues raised by Lueder in this proceeding with regard to Points I, II, and III were raised and finally adjudicated in his first post-conviction application. *State v. Lueder,* 242 N.W.2d 142 (N.D.1976). The remaining issues Lueder now asserts with regard to Points I, II, and III were not raised in his first post-conviction application. Lueder asserts that he was not as well versed in the law at the time of his first post-conviction application as he is now. Assuming this assertion to be true, it does not present "sufficient reason", under § 29–32–08, N.D.C.C., as to why these issues were not raised in the prior application for post-conviction relief. We conclude that Lueder has waived his right to raise Points I, II, and III in this second post-conviction proceeding, and they will not be discussed further.

Lueder also asserts, in Point IV, that the sentence imposed upon him by the district court on January 29, 1965, was based, in part, on an impermissible factor and should therefore be vacated. At the time of sentencing on January 29, 1965, the district court was informed that Lueder had been previously convicted in Ward County for the burglary of a laundromat in Minot, based upon a guilty plea. On May 5, 1977, the Ward County District Court vacated that burglary conviction on the ground that the information incorrectly charged Lueder with burglary upon stated facts which could support a larceny charge but not a burglary charge. Lueder now asserts that the Ward County burglary conviction, which has subsequently been vacated, was an impermissible factor for the Grand Forks District Court to consider in sentencing Lueder on January 29, 1965, on the first-degree robbery conviction.

The Ward County conviction was vacated subsequent to Lueder's first post-conviction application seeking relief from the January 29, 1965, conviction. Consequently, it was impossible for him to raise this issue in that first proceeding. We conclude that, under § 29–32–08, N.D.C.C., "sufficient reason" exists why this issue was not asserted in the first proceeding, and it is therefore proper to determine such issue on its merits in this subsequent post-conviction proceeding.

On January 29, 1965, proceedings were held at which Lueder entered a plea of guilty and the court imposed sentence upon him. Lueder was represented by an attorney at these proceedings, as well as at all other previous proceedings. He was also accompanied by his father at the sentencing proceedings. Prior to the court's imposition of sentence, the state's attorney informed the court of Lueder's past record as follows:

"[MR. ALPHSON] Yes, Your Honor. If it pleases the Court, we have carried on discussions with this Defendant to quite some extent. He admitted that when he was fourteen years old there was a burglary of a cafe in Great Falls, Montana. As the Court may know there was, a short time ago, a burglary conviction, which I believe he plead guilty to, at Minot, North Dakota, and he has confessed to the First Degree Robbery charge and the Information he has also confessed in open Court in Minot to the First Degree Robbery of the Belmont Texaco Station occurring November 9, 1964."

The state's attorney then recommended an indeterminate sentence of five to fifteen years at the State Penitentiary.

Lueder's attorney then made the following recommendation to the court:

"We would not necessarily agree with the recommendation of the States Attorney in the length of an indeterminate sentence. However, after discussing the various situations with both Robert Lueder and also his parents, we would recommend a indeterminate sentence of approximately three (3) to fifteen (15) years. The fifteen (15) years as we have discusses [sic] is not of real significance in our opinion, because it's out [sic] feeling that this boy needs to be transferred from the Penitentiary or any penal institution to a State Hospital such as we have at Jamestown for psychiatric evaluation and ultimately treatment."

The court then sentenced Lueder as follows:

"Well, Mr. Robert Lueder, I would hesitate very much in sending a seventeen-year-old boy to the Penitentiary, but I think that you have had such a bad record and I think you know yourself, isn't that true?—

"THE WITNESS: Yes, sir.

"THE COURT:—that I have no other recourse. Now, I am not doing it just to punish you, do you understand that, but I am doing it to punish you and also to try to help you.

"Now, I know that the States Attorney, in his recommendation, has considered this and feels that what he has recommended is a fair sentence and I have considered the recommendation of the attorney for the Defendant for you, Robert Lueder, and after considering the matter very carefully it is the sentence of this Court that you be sentenced to an

indeterminate sentence of from three (3) to fifteen (15) years in the Penitentiary at Bismarck, North Dakota, with a recommendation that you be transferred to the State Hospital at Jamestown, North Dakota for further observation and treatment. And I hope that you will cooperate all the way on this, because if you do and if your recovery is sufficiently good you will be out inside of a year and about eight months if I am not mistaken, isn't that about right?"

■ The trial judge has wide discretion in determining the length of sentence imposed. *State v. Smith,* 238 N.W.2d 662 (N.D.1976). The trial court's imposition of sentence will not be set aside for abuse of discretion unless the sentence imposed exceeds the statutory limits or unless the trial judge substantially relied upon an impermissible factor in determining the severity of the sentence to be imposed. *State v. Rudolph,* 260 N.W.2d 13 (N.D.1977).

■ We conclude, based upon the record of the sentencing proceedings before us, that the trial court did not substantially rely upon the Ward County burglary conviction so as to require the vacation of the sentence and a remand for new sentencing. The trial court did not emphasize or single out the Minot burglary conviction as a basis for the sentence, although the court did refer to Lueder's "bad record". That record included four involvements with the Montana juvenile authorities and admissions by Lueder in open court of committing two first-degree robberies in Grand Forks County. In view of that record, it is not likely that the Minot burglary conviction materially affected the sentence imposed.[1] The district court did not impose a sentence in excess of the statutory limits, and the record does not indicate that the trial court substantially relied upon an impermissible factor. Accordingly, we conclude that there is no basis upon which to remand for resentencing.

In Point V, Lueder requests a remand of this case for an evidentiary hearing on the basis of our court's recent decision in *State v. Lueder,* 252 N.W.2d 861 (N.D.1977). That decision involved a request by Lueder for post-conviction relief from his burglary conviction in Ward County. This court determined that there were material issues of fact which necessitated an evidentiary hearing, and we remanded for that purpose. The instant case involves a separate request for post-conviction relief from an entirely different conviction than that involved in *State v. Lueder,* 252 N.W.2d 861 (N.D.1977). There is no basis upon which to require an evidentiary hearing in the instant case.

In accordance with this opinion, the district court's order denying Lueder's request for post-conviction relief is affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.

---

1. We note that Lueder, after serving approximately two years, was paroled on February 3, 1967, to his home town of Sewell, New Jersey, where his parents resided. Lueder is currently serving a term of imprisonment for a federal offense at the Federal Penitentiary at Atlanta, Georgia.