STATE of North Dakota, Plaintiff
and Appellee,

v.

Lloyd Terrance MOEN, Defendant
and Appellant.

Cr. No. 890043.

Supreme Court of North Dakota.

June 6, 1989.

McIntee Law Firm, Towner, for defendant and appellant; argued by Michael S. McIntee.

Lyle Gregory Witham, States Atty., Towner, for plaintiff and appellee.

GIERKE, Justice.

The defendant, Lloyd T. Moen, was charged with the crime of driving while under the influence of alcohol in violation of Section 39–08–01 of the North Dakota Century Code. Moen entered a conditional plea of guilty pursuant to Rule 11(a)(2) of the North Dakota Rules of Criminal Procedure [1] and appealed from the final judgment entered by the county court on January 24, 1988. We affirm.

At approximately 1:20 a.m. on November 1, 1988, Highway Patrolman Michael McIntyre observed a pickup being driven on a city street in Towner, North Dakota, which had one taillight that was not illuminated. After stopping the vehicle, Patrolman McIntyre noticed that Moen, the driver of the pickup, had a strong odor of alcohol. Patrolman McIntyre administered certain field sobriety tests to Moen. According to Patrolman McIntyre, Moen did not perform these tests properly. Moen was then advised by Patrolman McIntyre that he was under arrest for driving while under the influence of intoxicating liquor. Moen was subsequently given both a blood test and a breath test, the results of which indicated a concentration of alcohol in excess of .10 percent by weight.

As a general rule, McHenry County Court has a preset schedule that all initial appearances for traffic citations are to be set for the Tuesday following the date of the arrest or citation. In this case, the Tuesday following the arrest was November 8, 1988, which was a general election

---

1. Rule 11, N.D.R.Crim.P., provides in part as follows:

"RULE 11—PLEAS
"(a) Alternatives.
"(1) In general. A defendant may plead not guilty or guilty. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

"(2) Conditional pleas. With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he must be allowed to withdraw his plea."

day in North Dakota. Patrolman McIntyre, believing that the court would not be in session on Tuesday, November 8, due to elections, asked Moen if it would be acceptable to schedule his initial court appearance for the Tuesday following election day which was November 15, 1988. Moen did not object to the delay. Shortly after his arrest, Moen posted bond and was released from custody. Moen appeared for arraignment as scheduled on Tuesday, November 15, 1988. As it turned out, court was in session on Tuesday, November 8, 1988.

Moen filed a pretrial motion asking that the charge against him be dismissed for failure of the arresting officer to afford him an appearance within ten days of his arrest pursuant to Section 39–07–08 of the North Dakota Century Code. After finding that Section 39–07–08 does not apply to violations of Section 39–08–01, the trial court denied Moen's motion to dismiss and entered a judgment upon Moen's conditional plea of guilty.[2] This appeal followed.

Moen argues on appeal that the trial court erred in denying his motion to dismiss. Moen contends that Section 39–07–08 which requires a court appearance within ten days after an arrest applies to arrests made under Section 39–08–01, the offense of driving while under the influence of intoxicating liquor.

■ This Court has stated that statutes must be construed as a whole to ascertain and give effect to the intent of the Legislature. *Timm v. Schoenwald*, 400 N.W.2d 260 (N.D.1987); *State v. Kottenbroch*, 319 N.W.2d 465 (N.D.1982); *State v. Mees*, 272 N.W.2d 61 (N.D.1978). In determining legislative intent, the court may consider such matters as the object sought to be attained, the statute's connection to other related statutes and the consequences of a particular construction. Section 1–02–39, N.D. C.C.; *see also State v. Mees, supra.*

■ We must construe the statute in accordance with the considerations previously set forth. Accordingly, we will de-

termine the intent of the Legislature by construing Section 39–07–08 in connection with other related statutes.

Section 39–07–08 provides in part as follows:

"39–07–08. Hearing—Time—Promise of defendant to appear—Failure to appear—Penalty. *The time to be specified in the summons or notice provided for in section 39–07–07 must be within ten days after the issuance of the summons or notice* unless the person halted demands an earlier hearing, and, if the person halted desires, the person may have the right, at a convenient hour, to an immediate hearing or to a hearing within twenty-four hours. The hearing must be before the magistrate of the city or county in which the offense was committed. Upon the receipt from the person halted of a written promise to appear at the time and place mentioned in the summons or notice, the officer shall release the person from custody...." [Emphasis added.]

Section 39–07–08 refers to Section 39–07–07 which provides as follows:

"39–07–07. Halting person for violating traffic regulations—Duty of officer halting. Whenever any person is halted for the violation of any of the provisions of chapters 39–01 through 39–13, 39–18, 39–21, and 39–24, or of equivalent city ordinances, the officer halting that person, *except as otherwise provided in section 39–07–09* and section 39–20–03.1 or 39–20–03.2, may:

1. Take the name and address of the person;

2. Take the license number of the person's motor vehicle; and

3. Issue a summons or otherwise notify that person in writing to appear at a time and place to be specified in the summons or notice.

"A halting officer employed by any political subdivision of the state may not take a person into custody or require that person to proceed with the officer to any

---

2. The county court also entered an order deferring imposition of sentence under Section 12–

53–13 of the North Dakota Century Code.

other location for the purpose of posting bond, where the traffic violation was a noncriminal offense under section 39–06.-1–02. The officer shall provide the person with an envelope for use in mailing the bond." [Emphasis added.]

Section 39–07–07 specifically excepts from its application Section 39–07–09 which provides in part as follows:

"39–07–09. Offenses under which person halted may not be entitled to release upon promise to appear. *Section 39–07–07 does not apply to a person if:*

"1. The halting officer has good reason to believe the person [is] guilty of any felony or *if the person is halted and charged with an offense listed in section 39–06.1–05* but not listed in subsection 2; ..." [Emphasis added.]

Thus, Section 39–07–07 does not apply to a person stopped and charged with a criminal traffic violation set forth under Section 39–06.1–05 of the North Dakota Century Code. Section 39–07–09, N.D.C.C.

Section 39–06.1–05 includes driving under the influence of intoxicating liquor in violation of Section 39–08–01 or an equivalent ordinance as one of its listed offenses. Section 39–06.1–05(1), N.D.C.C.[3] Therefore, in accordance with Section 39–07–09, we find that Section 39–07–07 does not apply to the criminal traffic violation of driving under the influence of intoxicating liquor. Furthermore, after reading all the related statutes together, we believe it is clear that the Legislature did not intend that Section 39–07–08 apply to the criminal traffic violations listed in Section 39–06.1–05 which, as stated, includes driving under the influence of intoxicating liquor.

Because this case involved the criminal traffic violation of driving under the influence of intoxicating liquor and we previously determined that Section 39–07–08 does not apply to such offenses, we conclude that the trial court did not err in denying Moen's motion to dismiss.

Accordingly, the judgment of the trial court is affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.

---

**3.** Section 39–06.1–05, N.D.C.C., provides as follows:

"39–06.1–05. Offenses excepted. The procedures authorized under sections 39–06.1–02 and 39–06.1–03 may not be utilized by a person charged with one of the following offenses:

"1. Driving or being in actual physical control of a vehicle in violation of section 39–08–01, or an equivalent ordinance.

"2. Reckless driving or aggravated reckless driving in violation of section 39–08–03, or an equivalent ordinance.

"3. A violation of chapter 12.1–16 resulting from the operation of a motor vehicle.

"4. Leaving the scene of an accident in violation of section 39–08–04, 39–08–05, 39–08–07, or 39–08–08, or equivalent ordinances.

"5. Driving while license or driving privilege is suspended or revoked in violation of section 39–06–42, or an equivalent ordinance.

"6. Violating subdivision b or c of subsection 5 of section 39–24–09.

"7. Operating a modified motor vehicle in violation of section 39–21–45.1.

"8. Driving without liability insurance in violation of section 39–08–20."