STATE v. JAMES P. HILL.

172 N. W. (2d) 406.

November 14, 1969—No. 41229.

C. *Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *Alfred C. Schmidt,* Ninth District Prosecutor, for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant appeals from the judgment of conviction for aggravated assault. Minn. St. 609.225. The sole issue is whether the evidence is sufficient to support the conviction. We hold that it is.

On the evening of March 25, 1967, a fight among several persons occurred outside a tavern on Roy Lake in Mahnomen County, Minnesota, in which the defendant, James P. Hill, and the complaining witness, Elmer Haggman, were participants. Haggman was seriously injured by being kicked or stomped in the face, and the only contested issue is whether the evidence establishes that it was defendant who did the kicking or stomping.

Defendant admits that, while both were on the porch of the tavern, he struck Haggman in the face three times, as a result of which Haggman fell from the porch to the ground a few feet below; but he denies any further assault upon Haggman. Haggman testified that he was kicked by someone while on the ground, but because he was attempting to shield his face, he could not see his assailant. However, one witness, Henry Neeland, who is a first cousin of defendant's father, positively identified defendant as the kicker or stomper. It is well-settled that a conviction can rest on the uncorroborated testimony of a single credible witness. 23 C. J. S., Criminal Law, § 903; Patterson v. United States (8 Cir.) 361 F. (2d) 632; State v. Sutton, 272 Minn. 399, 138 N. W. (2d) 46; State v. Burch, 284 Minn. 300, 170 N. W. (2d) 543.

This appeal, therefore, boils down to a claim that Neeland's testimony was incredible as a matter of law. Several people were standing outside the tavern at the time of the fight, but apparently none of them saw or was willing to acknowledge seeing the aggravated assault upon Haggman. Neeland, on the other hand, saw the fight from inside the tavern looking out through a window. Notwithstanding that others were probably in a better position to observe the fight, this does not discredit Neeland's testimony as a matter of law. It is undisputed that the scene of the fight was well lighted and a jury could well find that Neeland was in a physical position to see the fight. There was no real danger of mistaken identity, moreover, because Neeland obviously could recognize his relative and accurately describe the clothes that defendant was wearing. Just as strange as the failure of so many others to observe the event was the extrajudicial statement of Neeland that he would testify against defendant, "because he didn't like him anyway." This statement, in that context, cannot as a matter of law be read to mean that Neeland was prepared to testify falsely because he did not like the defendant. We are convinced that decision in this case is controlled by the settled principle that the credibility of a witness is for the jury to determine. State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850, certiorari denied, 390 U. S. 960, 88 S. Ct. 1058, 19 L. ed. (2d) 1156.

Affirmed.