STATE of North Dakota, Plaintiff and Appellee,

v.

David Robert KUNZE, Defendant and Appellant.

Crim. No. 993.

Supreme Court of North Dakota.

May 31, 1984.

As Modified on Denial of Rehearing June 18, 1984.

Mikal Simonson, State's Atty., Valley City, for plaintiff and appellee.

Mark A. Beauchene, Fargo, for defendant and appellant.

SAND, Justice.

The defendant, Robert Kunze, pleaded guilty in the state district court to two counts of theft of property and was sentenced to five years in the North Dakota state penitentiary to commence at twelve o'clock noon on the 15th day of September, 1982 on count 1; and on count 2 to a five years' suspended sentence. At the same time, two counts of possessing a firearm after having been previously convicted of a felony were pending against the defendant in federal court.

Eight days after the state imposed its sentence for theft of property, the United States district court found the defendant guilty and sentenced him to two years on each count, to run consecutively. The United States district judge also recommended that the federal sentence be served at the state penitentiary and that the sentence run concurrently with the sentence imposed by the North Dakota district court on 15 September 1982. The warden of the North Dakota penitentiary declined to accept the defendant on the United States sentence. The defendant then was incarcerated at a federal correctional institution at Oxford, Wisconsin. In the meantime the defendant was kept in a jail in North Dakota.

On or about 8 November 1982 the defendant, under Rule 35, North Dakota Rules of Criminal Procedure, requested that the state sentence be made to run concurrently with the time served under the federal sentence. On 1 December the state district court amended the state sentence (judgment) by changing the time when the state sentence was to commence to the date the defendant is released from serving the federal sentence.

The defendant subsequently made application under the Uniform Post-Conviction Act, Ch. 29-32, North Dakota Century Code, to have the original sentence reinstated and to have the state sentence run

concurrently with the federal sentence. The defendant also requested that he be given credit for the time he had already served since 15 September 1982. The application was denied and the defendant appealed from the order denying his application.

The defendant contended that the amended sentence, dated 1 December 1982, changing the time when the state sentence will commence, violated Rule 35, NDRCrimP, and his protection against double jeopardy as guaranteed by Article V of the United States Constitution.

Rule 35, NDRCrimP, provides:

"(a) Correction of Sentence. The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

"(b) Reduction of Sentence. The sentencing court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation constitutes a permissible reduction of sentence under this subdivision. Relief under this Rule may be granted by the court only upon motion of a party or its own motion and notice to the parties. If the sentencing court grants relief under this Rule, it shall state its reasons therefor in writing.

Basically, this rule encompasses two forms of relief; one, the correction of an illegal sentence at any time, and the other, a reduction of a sentence including reduction of a sentence to probation within 120 days after a sentence was imposed or has become final in the event of an appeal.

The original sentence was not and is not being challenged as being illegal. Thus, the provision relating to the correction of an illegal sentence under Rule 35(a) has no application.

The next question is: Was the change a reduction of sentence so as to come within Rule 35(b), NDRCrimP?

A "term of imprisonment commences at the time of sentencing ... unless the court orders the term to commence at some other time." NDCC § 12.1–32–02(6). Under the original judgment the sentence commenced at twelve o'clock noon on 15 September 1982.

In *State v. Bryan*, 316 N.W.2d 335 (N.D. 1982), we held that changing an original three consecutive six-month sentence imposed on 28 August 1981 to a three concurrent eighteen-month sentence imposed on 31 August 1981 was, in effect, an increase of the sentence (penalty) and did not come within the parameters of Rule 35, NDRCrimP. The amended sentence was more severe and, in effect, was an increase because the defendant was deprived of the provisions of NDCC § 12.1–32–02(9), which provides:

"A person convicted of a felony who is sentenced to imprisonment for not more than one year shall be deemed to have been convicted of a misdemeanor upon successful completion of the term of imprisonment."

In *State v. Mees*, 272 N.W.2d 61 (N.D.1978), we cited NDCC § 12.1–32–02(6) and § 12.1–32–11(1) and concluded that a court may impose a state sentence to commence after the defendant's release by the federal authorities. But the situation in the instant case is substantially different. In *Mees* the basic sentence did not commence until the defendant was released by the federal authorities. However, the original basic sentence in the present case specified that it was to commence at noon on 15 September 1982. In the present case, the original sentence had already commenced when it was erroneously amended so as not to commence until after the de-

fendant was released by the federal authorities.

 In addition, we believe the rationale expressed in NDCC § 12.1–32–11(1) [1] is applicable even though federal courts are not specifically mentioned and only the term "court of this state" is used. Comity and a spirit of cooperation are essential between state and federal courts. *Cf. Medical Arts Building, Ltd. v. Eralp*, 290 N.W.2d 241, 243 (N.D.1980) (comity grounded in policy of courtesy and mutual convenience); *Strobl v. Sawicki*, 41 Misc.2d 923, 247 N.Y. S.2d 12, 15 (N.Y.Fam.Ct.1964) (comity defined as mutual regard founded on identity of position and similarity of institutions). In this instance the record clearly indicates that the state court was aware of the matter pending before the federal court and the federal court was aware of the matter pending before the state court. The federal district court in effect recommended that the federal sentence be served concurrently with the sentence imposed by the state court. The state court's action subsequently amending the original judgment prevented the sentence from being served concurrently as recommended by the federal district judge, and in effect would have extended the sentence for four years. As a result the penalty was increased.

The action of the state district court in effect prevented the recommendation of the United States district court from being put into effect or from being given any serious consideration. This illustrates the dire need of full cooperation between the state and the federal judiciary. *Eralp, supra; Strobl, supra.*

When the state court amended the judgment sentence the federal court had already imposed its sentence and made its recommendations. [2]

 After considering and analyzing the total result of the amended judgment, we conclude the change clearly increased the penalty. NDRCrimP 35 does not authorize an increase or this type of change in the sentence. The court did not have authority to change the date when the sentence was to commence, specifically, where, as in the instant case, the sentence had already started. The amended judgment is invalid. We reach this conclusion without taking into account the increase in penalty.

In order to maintain meaningful cooperation and comity between state and federal courts and to give full recognition to the spirit of NDCC § 12.1–32–11(1), the amended judgment and sentence of the state district court is vacated and the case is remanded with the following instructions and directions: that the original judgment and sentence be modified to give the defendant credit for time served in the county jail and in any federal correctional institution as a result of the sentence imposed by the United States District Judge referred to earlier herein; and that any remaining time to be served will be at the State Penitentiary after the federal authorities have released the defendant, and, as so modified, be reinstated.

---

1. North Dakota Century Code § 12.1–32–11(1) provides:

 "Unless the court otherwise orders, when a person serving a term of commitment imposed by a court of this state is committed for another offense or offenses, the shorter term or the shorter remaining term shall be merged in the other term. When a person on probation or parole for an offense committed in this state is sentenced for another offense or offenses, the period still to be served on probation or parole shall be merged in any new sentence of commitment or probation. A court merging sentences under this subsection shall forthwith furnish each of the other courts previously involved and the penal facilities in which the defendant is confined under sentence with authenticated copies of its sentence, which shall cite the sentences being merged. A court which imposed a sentence which is merged pursuant to this subsection shall modify such sentence in accordance with the effect of the merger."

2. The federal sentence provided that the defendant be sentenced to "TWO (2) YEARS on each Count, [the] sentences to run CONSECUTIVELY." The sentence "recommend[ed] that [the] defendant be designated to the NORTH DAKOTA STATE PENITENTIARY ..." and that "the sentence ... run concurrently with the State sentence imposed ... September 15, 1982, and presently being served at the North Dakota State Penitentiary."

ERICKSTAD, C.J., PEDERSON and VANDE WALLE, JJ., and GERALD G. GLASER, District Judge, concur.

GERALD G. GLASER, District Judge, sitting in place of GIERKE, J., disqualified.