**STATE of Minnesota, Respondent,**

v.

**Kevin L. JENNINGS, Appellant.**

**No. C3–89–1087.**

Court of Appeals of Minnesota.

Nov. 28, 1989.

Hubert H. Humphrey III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Willis M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

C. Paul Jones, State Public Defender, Cathryn Middlebrook, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

Appellant Kevin L. Jennings appeals from a district court order denying his demand for execution of a stayed prison sentence. Appellant had been sentenced to a 15–month prison term with execution stayed for a five-year probation period. While on probation, appellant was incarcerated in California for a felony offense committed there. Appellant argues that he has a right to execution of his stayed sentence when imprisoned on a subsequent offense in California. We agree and reverse.

## FACTS

Jennings pleaded guilty to third degree burglary and misdemeanor damage to property in Minnesota in 1986. A 15–month prison sentence was imposed and its execution stayed for a five-year probation period.

In May 1987, the district court vacated the stay of execution and issued a bench warrant for Jennings' arrest for alleged probation violations. Jennings informed the court that he was incarcerated in California pending burglary charges. In July 1987, Jennings was sentenced to a four-year prison term in California. The Minnesota district court restored his probation term in August 1987.

Jennings demanded execution of his Minnesota prison sentence in October 1987 and again in January 1989. His demand was denied both times.

## ISSUE

Does a defendant serving a felony sentence imposed by another state for an offense committed there have the right to execution of a sentence previously imposed by a Minnesota court?

## 375

## ANALYSIS

It is well-established that a defendant serving a prison sentence on a felony has the right to execution of a prior probationary sentence. *State v. Ott*, 341 N.W.2d 883, 884 (Minn.1984); *Raddatz v. State*, 355 N.W.2d 771, 772 (Minn.Ct.App.1984).

The right to execution of a stayed sentence when imprisoned on a subsequent offense is based on the preference for concurrent sentencing as expressed in the Minnesota Sentencing Guidelines. *Bail v. State*, 391 N.W.2d 8, 10 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Sept. 22, 1986); *State v. Wesenberg*, 348 N.W.2d 117, 118 (Minn.Ct.App.1984). *See* Minnesota Sentencing Guidelines II.F.

In situations of multi-state sentencing, the American Bar Association has also endorsed concurrent sentencing, finding it desirable that sentences imposed by different states are served at one time and under one correctional authority. Standards for Criminal Justice 18–4.6 (2d ed. 1980).

Expressly consistent with the ABA Standards, the Minnesota Supreme Court held that a subsequent Minnesota sentence was presumed to run concurrently with a previously imposed federal sentence. *State v. Wakefield*, 263 N.W.2d 76, 77 (Minn.1978). The court distinguished a previous case by the order in which the sentences were imposed. *Id.* (citing *State v. Petersen*, 305 Minn. 478, 235 N.W.2d 801 (1975)). It is the second sentencing court which specifies whether the sentences run concurrently or consecutively. *See Petersen*, 305 Minn. at 481, 235 N.W.2d at 803. In *Petersen*, the court held that, in the absence of any clear direction to the contrary, a subsequent federal sentence was presumed to run consecutively with a previously imposed Minnesota sentence. *Id.* at 485, 235 N.W.2d at 805.

In this case, the second sentence imposed was the California sentence. California has expressed a preference for concurrent sentencing in the multi-state sentencing context. *See In re Patterson*, 64 Cal.2d

357, 411 P.2d 897, 49 Cal.Rptr. 801 (1966); *In re Portwood*, 236 Cal.App.2d 321, 45 Cal.Rptr. 862 (1965).

In addition, a person who has been convicted in another state for an offense punishable under California law is punishable for any subsequent crime committed in California as though the prior conviction occurred in a California court. Cal.Penal Code § 668 (West 1988). When a California court fails to determine whether a second sentence shall run concurrently or consecutively, the second sentence runs concurrently. Cal.Penal Code § 669 (West 1988).[1]

Jennings' right to demand execution of his probationary sentence upon subsequent imprisonment has not been altered by the fact that his subsequent prison sentence was imposed by a California court. The preference for concurrent sentencing, on which the right to an executed sentence is based, exists in this multi-state context as well.

## DECISION

The district court erred in refusing to grant Jennings' demand for execution of his Minnesota sentence.

Reversed.

---

1. Minnesota has also enacted a statutory presumption of concurrency. *See* Minn.Stat. § 609.15, subd. 1 (1988). Whereas the California statute applies in the multi-state context,

Minn.Stat. § 609.15, subd. 1 applies only to Minnesota courts and only to the second sentencing court. *Petersen*, 305 Minn. at 481, 235 N.W.2d at 803.