STATE of Minnesota, Respondent,

v.

James FOREMAN, Appellant.

No. C5–03–160.

Supreme Court of Minnesota.

June 10, 2004.

Lower Court Judge: Hon. Daniel H. Mabley.

John M. Stuart, State Public Defender, Michael F. Cromett, Assistant Public Defender, Minneapolis, MN, for Relator/Appellant.

Mike Hatch, Minnesota Attorney General, St. Paul, MN, Linda M. Freyer, Hennepin County Attorney Office, Minneapolis, MN, for Respondent.

OPINION

HANSON, Justice.

Appellant James Foreman (Foreman) was convicted of assault in the second degree for pointing a rifle at his wife B.A.F. during an argument. The district court sentenced him to 90 months in prison. Foreman appealed his conviction and sentencing to the court of appeals. The court of appeals affirmed the conviction, but remanded for resentencing. The issues before us are whether there was sufficient evidence to convict Foreman of assault in the second degree and whether the district court erred in sentencing Foreman to a 90–month prison term. We affirm the conviction, but modify the sentence to the presumptive sentence of 60 months.

On May 22, 2002, Richfield police responded to a 911 hang-up call from the Foreman residence. B.A.F. told police that she and her husband had gotten into an argument; that Foreman had picked up a rifle, pointed it at her and threatened to kill her; and that Foreman later retrieved the rifle, pointed it at her head and stated, "You don't believe I would kill you, do you?" The police arrested Foreman and seized a loaded rifle.

Foreman was charged with assault in the second degree, a violation of Minn. Stat. § 609.222, subd. 1 (2002). During his incarceration awaiting trial, he called his wife's telephone number over 600 times. At the pretrial hearing, the state informed the court that B.A.F. wanted to recant the allegations she had made to the police. The court continued the hearing to allow the state to re-evaluate the evidence. B.A.F. subsequently informed the state that her initial accusation had been true

but that she was confused and fearful about telling the truth.

At trial, B.A.F. and the responding police officers testified about the May 22 incident. They also testified, pursuant to Minn.Stat. § 634.20 (2002), about a prior domestic violence incident. On May 15, 2002, police had been called to the Foreman residence when Foreman had threatened B.A.F. with a knife. Police arrested Foreman and took him to jail. B.A.F. testified that Foreman called her from jail and told her to change her story and say that he had not threatened her with a knife. When she did so, and Foreman was subsequently released from jail, he returned home and threatened B.A.F. that he would kill her if she ever called the police again.

The state also introduced expert witness testimony on the battered woman syndrome. This testimony was offered by the state to assist the jury in understanding why some domestic abuse victims recant their allegations. The state's expert testified that recantation by domestic abuse victims is common. She testified about the general psychological effects of domestic abuse, including negative self-concept, loss of identity, depression and confusion. Foreman objected to the introduction and scope of this evidence.

Foreman chose not to take the stand and offered no witnesses. The jury returned a verdict of guilty. The district court sentenced Foreman to 90 months in prison. On appeal, Foreman argued that the evidence to convict him was insufficient because B.A.F.'s testimony was not credible and there was no corroborating testimony or physical evidence. He also argued that the district court had abused its discretion when it imposed a 90-month prison sentence because it exceeded the statutory maximum of 84 months and the upward departure from the presumptive sentence of 60 months was not supported by sufficient aggravating circumstances.

The court of appeals concluded that the evidence was sufficient to support the jury verdict, but that the district court had abused its discretion in sentencing because the 90-month term exceeded the statutory maximum of 84 months. The court determined that the district court had intended to depart, but had failed to identify sufficient grounds for departure. The court then examined the record and determined that there were sufficient grounds to depart from the presumptive sentence. Deferring to the district court's familiarity with the record, the court remanded for resentencing. *State v. Foreman*, No. C5–03–160, 2003 WL 22333064, at *4 (Minn. App. Oct.14, 2003) (unpublished decision). We granted Foreman's petition for further review.

I.

In reviewing a claim of insufficiency of the evidence, we are "limited to ascertaining whether, based on the evidence presented at trial, a jury could have reasonably concluded that the accused is guilty of the offense." *State v. McBride*, 666 N.W.2d 351, 364 (Minn.2003). We review the evidence in a light most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved the defendant's witnesses. *Id.*

Although Foreman recognizes this court's normal standard of review on the sufficiency of the evidence, he argues that because B.A.F. recanted, a heightened standard of review applies and corroboration of her testimony is required. Foreman rests his argument on our decision in *State v. Ani*, a criminal sexual conduct case where we noted that the absence of corroboration of the victim's testimony might, in a given case, raise doubt about

the sufficiency of the evidence. 257 N.W.2d 699, 700 (Minn.1977). But *Ani* clearly states that corroboration is not mandated by statute or the constitution. *Id.* In sustaining the conviction in *Ani,* we held that the positive and uncontradicted testimony of a victim may be sufficient by itself to support a conviction. *Id.*

■ We have stated that "a conviction can rest on the uncorroborated testimony of a single credible witness." *State v. Hill,* 285 Minn. 518, 518, 172 N.W.2d 406, 407 (1969). There, we affirmed a conviction based on the testimony of a single witness even though that witness had said, outside of court, that he would testify against the defendant "because he didn't like him anyway." *Id.* We concluded that his testimony was sufficient to identify the defendant and that as long as the evidence was sufficient to reasonably support the jury's finding, the credibility of a witness was for the jury to determine. *Id.* Similarly, in *State v. Reichenberger,* we affirmed a conviction of having sexual intercourse with a minor, even though the victim made conflicting statements at various times prior to trial, because at trial she testified positively that intercourse had occurred. 289 Minn. 75, 78, 182 N.W.2d 692, 694 (1970). We held that the jury was apprised of the previous inconsistent statements and "the task of weighing credibility was for the jury, not this court." *Id.* at 79, 182 N.W.2d at 695.

The cases relied upon by Foreman are distinguishable because each involved additional reasons to question the victim's credibility. In *State v. Huss,* we determined that the testimony of the alleged victim of child abuse was insufficient because there was expert testimony that the victim had been exposed by the state to highly suggestive material and her testimony was not sufficiently credible. 506 N.W.2d 290, 292–93 (Minn.1993). In *State v. Langteau,* we held that the uncorrob-

orated testimony of the victim was insufficient to find the defendant guilty of aggravated robbery because the actions by the victim were questionable or unexplained. 268 N.W.2d 76, 77 (Minn.1978). Finally, in *State v. Gluff,* we held that uncorroborated identification of the defendant did not have probative value because the witness had seen the perpetrator for only a short time and there had been errors in the lineup process. 285 Minn. 148, 151, 172 N.W.2d 63, 65 (1969). Here, there were no other reasons to question B.A.F.'s credibility and her testimony at trial was not contradicted.

■ As a part of his sufficiency of the evidence argument, Foreman argues that the expert witness testimony on the battered woman syndrome and the testimony about the May 15 incident were improperly admitted. Neither of these evidentiary issues was presented in the court of appeals. In addition, Foreman did not object at trial to the testimony about the May 15 incident. We do not review issues not raised at the district court or court of appeals unless the interests of justice require their consideration and addressing them would not work an unfair surprise on a party. *See Johnson v. State,* 673 N.W.2d 144, 147–48 (Minn.2004). We are not persuaded that the interests of justice require consideration of these evidentiary issues and we decline to review them.

We conclude that B.A.F.'s positive and uncontradicted testimony provided sufficient evidence to support the conviction.

## II.

■ Foreman argues that the district court abused its discretion by departing from the presumptive sentence without providing specific reasons for the departure. In addition, Foreman argues that the 90–month sentence exceeds the statutory maximum and must at least be mod-

ified to 84 months. The state acknowledges that the 90–month sentence is not authorized by law but argues that the proper remedy is to remand to the district court for resentencing. The court of appeals concluded that the 90–month sentence was improper but held that, "[b]ecause the district court is in the best position to assess the justification for departure," the resentencing should be remanded to the district court. *Foreman*, 2003 WL 22333064, at *4.

■■■ The maximum sentence for second-degree assault is 84 months. Minn. Stat. § 609.222, subd. 1 (2002). The presumptive sentence is 60 months. *See* Minn.Stat. § 609.11, subd. 5(a) (2002); Minnesota Sentencing Guidelines II.E. According to the Minnesota Sentencing Guidelines, the judge must find substantial and compelling circumstances to depart from the presumptive sentence. *See* Minnesota Sentencing Guidelines II.D. Additionally, "[w]hen departing from the presumptive sentence," a judge must provide written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence. *Id.* Under Minn. R.Crim. P. 27.03, the district court must state on the record reasons for the departure. Minn. R.Crim. P. 27.03, subd. 4(C). In addition, the rules require the court to fill out a departure report. *Id.*

Here, the district court did not clearly identify the presumptive sentence, state an intent to depart or state reasons for the departure. During sentencing, the court analyzed *State v. Mallory*, 329 N.W.2d 60 (Minn.1983), which involved an earlier version of the guidelines that provided: "When an offender has been convicted of an offense with a mandatory minimum sentence of five years, the presumptive dura-

tion of the prison sentence should be 90 months." Minnesota Sentencing Guidelines II.E. (1983). Prior to Foreman's sentence, this provision in the guidelines was amended to read: "When an offender has been convicted of an offense with a mandatory minimum sentence of one year and one day or more, the presumptive disposition is commitment to the Commissioner of Corrections. The presumptive duration of the prison sentence should be the mandatory minimum sentence according to statute." Minnesota Sentencing Guidelines II.E. (2004).

We conclude that the district court mistakenly believed that the *Mallory* opinion reflected the current guideline and provided for a presumptive sentence of 90 months. There is no evidence that the court intended to depart from the presumptive sentence. The state did not move for a departure. The presentence investigation report did not recommend one. The court did not provide presentence notice of an intent to depart. The court did not state at the sentencing that it was departing or describe reasons for a departure. The court did not refer to the 90–month sentence as a departure, nor did it file a departure report.

In *State v. Thieman*, we considered the appropriate appellate remedy when a district court intends to impose the presumptive sentence but is mistaken about what the presumptive sentence is. 439 N.W.2d 1, 7 (Minn.1989). There, the sentence was based on an erroneous application of the sentencing guidelines, applying a post-August 1, 1987, version to a July 1987 offense. We concluded:

> At the time of sentencing, both attorneys and the trial judge assumed that the presumptive sentence for attempted second-degree murder would be given. All three were under the impression that the presumptive sentence was 108

months when, in fact, it was 60 months. It is impossible to predict what the court would have done had it known then that the presumptive guideline sentence was 60 months. We do know that the court intended to issue the presumptive sentence, and to allow it now to amend retroactively its reasons and depart from the guidelines is contrary to *Williams*.

*Id.* (citing *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985)). We reduced the sentence from 108 months to 60 months.

Because the record reveals that the district court relied on an erroneous sentencing guideline in determining what Foreman's presumptive sentence would be, and did not state an intent to depart from the presumptive sentence, the proper remedy is to modify Foreman's sentence to the presumptive sentence of 60 months. Accordingly, we affirm Foreman's conviction, but modify his sentence to the 60-month presumptive sentence for assault in the second degree.

Affirmed as modified.