*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1588**

State of Minnesota,
Respondent,

vs.

Ruben Alonso Avendano Contreras,
Appellant.

**Filed June 8, 2015
Affirmed and remanded
Stauber, Judge**

Dakota County District Court
File No. 19HA-CR-13-3476

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James Backstrom, Dakota County Attorney, Elizabeth M. Swank, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Bjorkman, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant was charged with and found guilty of two counts of first-degree criminal sexual conduct. In this appeal, he argues that the evidence is insufficient to

sustain the convictions, and the district court erred by entering convictions for both counts, although the court sentenced him on only one count. We affirm appellant's conviction of the charge for which he was sentenced, but we remand to the district court to vacate the second judgment of conviction.

## FACTS

Appellant Ruben Alonso Avendano Contreras lived with RLG, who is the mother of TAL, from the time that TAL was four or five years old until she was 11 years old. During that time, appellant sexually abused TAL. TAL told her mother about the abuse, but her mother did not believe her, and appellant denied the allegations. After TAL once again told her mother that appellant was sexually abusing her, her mother and appellant decided to go to TAL's school and try to get help for her because her mother thought she was mentally ill. Knowing of this plan, TAL finally approached a teacher, who made a mandatory report to Dakota County Social Services. A child-abuse investigation was initiated, and appellant was charged with two counts of first-degree criminal sexual conduct, Minn. Stat. §§ 609.342, subds. 1(g) (victim under 16, significant relationship), 1(h)(iii) (2012) (victim under 16, significant relationship, multiple acts).

At trial, TAL described sexual contact and anal, oral, and vaginal penetration by appellant. TAL is learning-impaired and attends special education classes; her testimony is simple, and she has some difficulty understanding questions and identifying concepts such as time. But she was able to accurately describe male genitalia and ejaculation, identify times of year by reference to seasons or to school, and to testify about the acts of

abuse. She also described an act of anal penetration that occurred not long before she reported the abuse to her teacher.

Dakota County child protection worker Susan Boreland testified that during her interview, TAL was "very distraught" and "very, very sad," and she cried while describing the abuse. TAL told her that appellant said that all the girls at her school do the same thing with their dads. Her description of TAL's statement is consistent with TAL's trial testimony.

Detective Andrea Newton of the Burnsville Police Department introduced an audio recording and transcript of TAL's interview. The transcript is consistent with TAL's trial testimony. Newton attempted to document dates of abuse but was unable to because of TAL's developmental delays. Newton did not collect sheets or clothing for laboratory examination because the presumed dates of abuse had occurred long before the date of investigation, and these items had been washed.

Laurel Edinburgh, a pediatric nurse practitioner at the Midwest Children's Resource Center, also testified. She interviewed TAL and did a physical examination, the results of which were normal and showed no evidence of injury. But Edinburgh also noted that "it is rare to find any biological evidence on [a child's body] more than 24 hours after the last contact." She also testified, "[I]t is most common to have a normal exam of a child after they have been sexually abused."

The defense presented one witness, Nancy Peralta, who worked at TAL's school and provided interpreting services. Peralta testified that the mother had come in seeking help because TAL "was talking crazy and she was trying to figure out why. [Her mother]

3

said that [TAL] had been accusing [appellant] of some things and the mom at that time didn't believe anything. And so she was looking for help for her daughter."

Appellant waived his rights to a jury trial. The district court found appellant guilty of two counts of first-degree criminal sexual conduct, entered convictions on both counts, and sentenced appellant on count two (multiple acts) to 172 months in prison. This appeal followed.

## D E C I S I O N

### I.

We review a claim of insufficiency of the evidence to ascertain whether the record facts and the legitimate inferences drawn from those facts permit a factfinder to reasonably conclude that the defendant is guilty of the charged offense. *State v. Stein*, 776 N.W.2d 709, 714 (Minn. 2010). The reviewing court views the evidence in the light most favorable to the verdict and assumes that the factfinder believed the state's witnesses and disbelieved contrary evidence. *Id.* The same standard of review applies to both bench and jury trials. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011).

The factfinder is the exclusive judge of witness credibility and the weight to be given a witness's testimony. *State v. Mems*, 708 N.W.2d 526, 531 (Minn. 2006). As such, the factfinder may "accept part and reject part of a witness's testimony. Inconsistencies or conflicts between one witness and another do not necessarily constitute false testimony or serve as a basis for reversal." *Id.* (citation omitted). "[A] conviction can rest on the uncorroborated testimony of a single credible witness." *State v. Foreman*, 680 N.W.2d 536, 539 (Minn. 2004) (quotations omitted). Although appellant argues that

this is not true if the single witness's testimony is "of dubious veracity," this exception has been applied in limited situations: a child victim exposed to highly suggestive material, inexplicable or questionable actions by the witness, or eyewitness identification by a witness who saw a subject for a limited time and who made the identification in an error-ridden lineup process. *Id.*

Appellant argues that TAL's testimony was not credible because she was exposed to suggestive themes through a Spanish-language television program that "featured themes of rape, inappropriate touching, and child abandonment." But TAL and her mother were questioned about this; according to their testimony, the program content would not have provided the type of knowledge of male anatomy or ejaculation that TAL testified to in court. Her mother testified that TAL watched some pornography on a tablet belonging to appellant's sister, but again, her exposure to this was limited because the tablet belonged to someone who did not live in the home.

Appellant acknowledges that the testimony of a victim of criminal sexual conduct need not be corroborated. *See* Minn. Stat. § 609.347, subd. 1 (2012). Nonetheless, he argues that the absence of corroboration in an individual case may mean that there is insufficient evidence upon which a jury could find the defendant guilty beyond a reasonable doubt. *See State v. Johnson*, 679 N.W.2d 378, 387 (Minn. App. 2004), *review denied* (Minn. Aug. 17, 2004). But in *Johnson*, although the victim's testimony was inconsistent, there was no corroboration, she recanted her testimony, and her conduct was "inconsistent" with forcible rape, this court affirmed the conviction. *Id.* In affirming, this court noted that inconsistencies were matters of credibility for the factfinder to

5

assess, the victim was threatened by the defendant's friends and therefore sought to recant her testimony, and her prompt report of the rape lent credibility to her testimony. *Id.*

Here, TAL's testimony was consistent with her report to Boreland, Newton, and Edinburgh. Boreland and Newton described how TAL cried during the interview. Finally, TAL stated that she reported the abuse because appellant indicated that he was going to start abusing her younger sister. Her mother was not aware of any emotional behavior that would cause her to suspect abuse, but TAL reported being abused over a six-year period. Although there was no physical evidence of sexual penetration, Edinburgh testified that this is true in the majority of child sexual-abuse cases. Ultimately, the district court, as factfinder, made an assessment of TAL's credibility and concluded that she was credible. On this record, there is sufficient evidence to sustain appellant's conviction for first-degree criminal sexual conduct.

**II.**

The state concedes that the district court improperly entered convictions on both counts in violation of Minn. Stat. § 609.04, subd. 1 (2012). This subdivision states that an offender "may be convicted of either the crime charged or an included offense, but not both. An included offense may be . . . [a] crime necessarily proved if the crime charged were proved." *Id.*

Appellant was convicted of sexually penetrating a victim under the age of 16 while having a significant relationship with the victim as a single incident, and sexually penetrating a victim under the age of 16 multiple times while having a significant

6

relationship with the victim. Minn. Stat. §§ 609.342, subds. 1(g); (h)(iii). Proof of the multiple acts charge, subdivision 1(h)(iii), necessarily includes proof of the single-act crime charged under subdivision 1(g), if the single act occurred during the same time period as the multiple acts, as it did here. The district court erred by entering convictions on both offenses and, instead, should have entered a conviction only on the offense for which appellant was sentenced, the multiple acts count. We therefore remand appellant's conviction of Minn. Stat. § 609.342, subd. 1(g), to the district court to vacate the judgment of conviction on count one.

**Affirmed and remanded.**