*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1324**

State of Minnesota,
Respondent,

vs.

Lisa Lorraine Peltier,
Appellant.

**Filed April 25, 2016**
**Affirmed**
**Connolly, Judge**

Polk County District Court
File No. 60-K4-98-001049

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Assistant County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Randall, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges the district court's calculation of jail credit toward her sentence, arguing that the district court erred by denying her custody credit against her Minnesota sentence for time she spent incarcerated in North Dakota for a North Dakota conviction of possession of methamphetamine and possession of a schedule IV controlled substance.  Because we see no error, we affirm.

## FACTS

Appellant Lisa Lorraine Peltier pleaded guilty in Polk County, Minnesota, on November 9, 1998, to one count of conspiracy to sell cocaine.  Pursuant to a plea agreement, on February 1, 1999, the district court sentenced appellant to 39 months in prison, stayed, and placed her on 20 years of supervised probation.  Appellant paid a fine and was required to comply with the conditions of her probation:  (1) serving 120 days in jail; (2) obtaining a chemical-dependency assessment, following its recommendations, and paying its costs; (3) being subject to random drug testing and searches; (4) performing 100 hours of community service; and (5) remaining law abiding.

Appellant violated the terms of her probation on July 6, 2011, and June 1, 2012.  She admitted both violations, and the district court reinstated her probation.

On February 18, 2014, another probation-violation report was issued that alleged multiple violations, including felony drug charges in Grand Forks, North Dakota.  A warrant was issued for appellant's arrest.  On May 14, 2014, a North Dakota district court found appellant guilty of possession of methamphetamine and possession of a schedule IV

controlled substance (Clonazepam) and sentenced her to five years in prison, with three years of the sentence suspended.

While in North Dakota, appellant sent letters to the Polk County district court administrator's office. One letter, dated May 1, 2014, stated that appellant was in North Dakota facing a new charge and wished to be transferred to Polk County. Another letter, dated May 16, 2014, stated that appellant had been sentenced in North Dakota and asked Polk County to "come get [her]." On June 10, 2014, a Polk County court administrator answered these two letters, saying "it is the discretion of the Prosecutor whether you should be transported to Polk County to personally appear . . . or resolve them through correspondence . . . ." A third letter, dated September 15, 2014, asked for an "[I]nterstate Agreement on Detainers." A court administrator replied that the county attorney had discretion to decide whether appellant should be transported to Polk County.

When appellant returned to Minnesota on April 15, 2015, for a probation-violation hearing, she admitted to the two violations of her probation in North Dakota. Her counsel requested that appellant's sentence not be executed and that either she be reinstated on probation or her file be closed. The district court revoked appellant's probation, executed the balance of her previously stayed 39-month sentence, and refused to give her credit for time served in North Dakota.

## DECISION

Appellant argues that the district court erred in denying her credit for time she spent incarcerated in North Dakota. A challenge to a district court's award of jail credit is a mixed question of law and fact. *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008).

3

"[T]he [district] court must determine the circumstances of the custody the defendant seeks credit for, and then apply the rules to those circumstances." *Id.* at 379. Accordingly, appellate courts review legal conclusions *de novo* and factual findings for clear error. *Id.*

"[T]he defendant carries the burden of establishing that [s]he is entitled to jail credit." *State v. Willis*, 376 N.W.2d 427, 428 n.1 (Minn. 1985). However, the granting of jail credit is not discretionary with the district court. *State v. Hadgu*, 681 N.W.2d 30, 32 (Minn. App. 2004), *review denied* (Minn. Sept. 21, 2004). When sentencing a defendant, a district court must state the number of days spent in custody in connection with the offense being sentenced, and that number of days must be deducted from the sentence. Minn. R. Crim. P. 27.03, subd. 4(B).

Calculating intra-jurisdictional jail credit differs from calculating inter-jurisdictional jail credit. The general intra-jurisdictional rule is that a defendant may receive custody credit for time served for another offense before being charged with the instant offense, but that credit only covers the time after the date when the state has completed its investigation "in a manner that does not suggest manipulation by the State, and the State has probable cause and sufficient evidence to prosecute its case against the defendant with a reasonable likelihood of actually convicting the defendant of the offense for which [s]he is charged." *State v. Clarkin*, 817 N.W.2d 678, 689 (Minn. 2012). The general inter-jurisdictional rule is that a defendant is not entitled to credit for time spent in a foreign jurisdiction's custody unless that time was served solely in connection with a Minnesota offense. *Willis*, 376 N.W.2d at 428.

Because appellant seeks jail credit for time spent in custody in North Dakota, the inter-jurisdictional rule applies. *See id.* Appellant's incarceration in North Dakota was the result of offenses committed in North Dakota and was completely separate from any Minnesota offense. Under the inter-jurisdictional rule, appellant does not receive jail credit for time spent in custody in North Dakota.

Appellant claims that a limited exception to the inter-jurisdictional jail-credit rule exists and should apply to her case. Appellant relies on *State v. Jennings*, in which this court held that the district court erred in denying defendant's request for execution of his stayed Minnesota sentence when he was incarcerated in California based on (1) a defendant's right to execute a prior probationary sentence; (2) the preference for concurrent sentencing expressed in the Minnesota Sentencing Guidelines; (3) a recognition that the second sentencing court specifies whether the sentences run concurrently or consecutively; and (4) California's "preference for concurrent sentencing in the multi-state sentencing context." *Jennings*, 448 N.W.2d 374, 375 (Minn. App. 1989).

Under *Jennings*, appellant's right to have her executed Minnesota sentence run concurrent with her North Dakota sentence and obtain jail credit for time spent in custody in North Dakota, depends on two factors. First, the second sentencing court, North Dakota, must have a stated preference for concurrent sentencing in the multi-state context, and second, appellant must have actually requested execution of her stayed sentence. *Id.* Appellant claims that North Dakota has expressed a preference for concurrent sentencing in the multi-state context, relying on *State v. Kunze*, 350 N.W.2d 36 (N.D. 1984) (holding that concurrent sentencing is preferable when one of the sentences is for a federal offense).

5

*Kunze* does not address the multi-state context, and its reasoning is based on the comity between federal and state courts. *Kunze*, 350 N.W.2d at 39. Appellant's argument assumes that, by including federal sentences, the *Kunze* holding extends to out-of-state sentences. But in North Dakota, whether sentences run concurrently or consecutively depends on the district court's discretion in *every case*. *State v. Clark*, 801 N.W.2d 732, 735-36 (N.D. 2011) (citing *State v. Johnson*, 571 N.W.2d 372, 374 (N.D. 1997)). Because appellant does not cite to any North Dakota authority stating a preference for concurrent sentencing in the multi-state context, she does not satisfy the first *Jennings* requirement.

In this case, the record does not indicate that the North Dakota court was aware that appellant was facing revocation of her Minnesota probation or that the North Dakota court ordered appellant's North Dakota sentence to run concurrent to her Minnesota sentence.

Because appellant has not satisfied the first *Jennings* requirement, we need not consider whether she has satisfied the second *Jennings* requirement that she properly requested execution of her sentence.

**Affirmed.**

6