Lori Swanson, Attorney General, St. Paul, Minnesota; and David L. Hanson, Beltrami County Attorney, David P. Frank, Chief Assistant County Attorney, Bemidji, Minnesota (for respondent).
Cathryn Middlebrook, Chief Appellate Public Defender, John Donovan, Assistant Public Defender, St. Paul, Minnesota (for appellant).
Considered and decided by Kirk, Presiding Judge; Reilly, Judge; and Smith, John, Judge.*
KIRK, Judge *229 In this probation-revocation appeal, appellant challenges the district court's denial of jail credit for time served at the Red Lake Indian Reservation detention center. Because the district court properly applied the interjurisdictional rule for jail credit, and because appellant has failed to show an equal-protection violation, we affirm.
FACTS
On November 21, 2011, appellant Misty Kay Roy, a member of the Red Lake Band of Chippewa Indians and a resident of the Red Lake Indian Reservation, was convicted of third-degree sale of a controlled substance in Beltrami County District Court. She received a stay of imposition of sentence and was placed on supervised probation for up to 20 years.
In July 2017, appellant was arrested on the Red Lake reservation and held at the Red Lake detention center from July 15 to August 10, facing two criminal charges. She was subsequently convicted in the Red Lake Court of Indian Offenses (tribal court) and served her Red Lake sentence from October 22 to November 12, at which time she was released to Beltrami County on a pending probation violation in her 2011 matter.
Appellant asked to execute her district court sentence, and a hearing was held on November 27, 2017. The district court revoked the stay of imposition and sentenced appellant to the 21-month presumptive prison sentence. The district court awarded appellant credit for time served at the Beltrami County jail but denied her request for jail credit for time served at the Red Lake detention center. This appeal follows.
ISSUES
I. Did the district court properly apply the interjurisdictional rule for jail credit for time served on the Red Lake Indian Reservation?
II. Did the denial of jail credit violate appellant's right to equal protection?
ANALYSIS
I. Appellant is not entitled to jail credit for time served on the Red Lake Indian Reservation.
Appellant argues that the district court erred in denying her jail credit for the time that she served at the Red Lake detention center. A district court's decision to award jail credit is not discretionary. State v. Hadgu , 681 N.W.2d 30, 32 (Minn. App. 2004), review denied (Minn. Sept. 21, 2004). We apply a clear-error standard of review to a district court's factual findings in deciding to award or deny jail credit and a de novo standard of review to an application of the law to the facts. State v. Clarkin , 817 N.W.2d 678, 687 (Minn. 2012).
A. The intrajurisdictional rule for jail credit does not apply.
Appellant argues that the district court should have applied the intrajurisdictional rule for jail credit, which applies to time served in custody within the State of Minnesota. See Hadgu , 681 N.W.2d at 32-33. Although the Red Lake reservation is within the physical boundaries of Minnesota, *230 the Red Lake tribe is an independent sovereign nation with jurisdiction over its tribal members. Red Lake Band of Chippewa Indians v. State , 311 Minn. 241, 248 N.W.2d 722, 725-26 (Minn. 1976) (explaining the unique status of the Red Lake tribe because unlike other Indian nations, "the Federal government has not granted [Minnesota] civil or criminal jurisdiction over members of this tribe"); see 18 U.S.C. § 1162 (a) (2012) ; 28 U.S.C. § 1360 (2012).
The Red Lake tribe has jurisdiction to prosecute and sentence tribal members in Red Lake tribal court under Red Lake law for crimes committed within the reservation's boundaries to the exclusion of the State of Minnesota.[1] Comm'r of Taxation v. Brun , 286 Minn. 43, 174 N.W.2d 120, 122 (Minn. 1970) (explaining that Minnesota may not interfere with Red Lake's tribal autonomy or self-government); see Red Lake Tribal Code §§ 100.01, .02 (asserting tribal sovereignty and jurisdiction), 411.01 (authorizing Red Lake tribal court to sentence tribe members), 515.01, subds. 2, 3 (requiring extradition for tribal members wanted on state or federal charges) (2018). Because the Red Lake reservation is akin to any other state or foreign jurisdiction, the intrajurisdictional rule does not apply, and we need not address appellant's related arguments.
B. The district court properly applied the interjurisdictional rule.
Under the interjurisdictional rule for jail credit, a district court must award a defendant credit for time spent in the custody of another state or foreign jurisdiction only if the time was served solely in connection with a Minnesota offense. State v. Willis , 376 N.W.2d 427, 428-29 (Minn. 1985). A defendant has the burden of establishing that she is entitled to jail credit for a specific period of time. Id. at 428 n.1.
Here, the record shows that appellant's custody at the Red Lake detention center was solely related to her criminal charges and convictions for her conduct on the Red Lake reservation; it did not arise out of, or relate to, her 2011 conviction in Beltrami County. See Hadgu , 681 N.W.2d at 32-33 (granting credit for time in federal-agency custody because bail release on Minnesota charges resulted in federal-agency action and detention); Willis , 376 N.W.2d at 428 (granting credit for time in Illinois awaiting extradition to Minnesota on Minnesota offense but denying credit for time served solely on Illinois offense).
Appellant argues that a limited exception to the interjurisdictional rule applies. In State v. Jennings , a defendant demanded to execute his probationary sentence in Minnesota after a subsequent imprisonment in California. 448 N.W.2d 374, 374 (Minn. App. 1989). Both Minnesota and California had a "preference for concurrent sentencing in the multi-state sentencing context." Id. at 375. Because California, as the second sentencing court, also preferred concurrent sentencing, the defendant was allowed to execute and serve his Minnesota sentence concurrently to his California incarceration. Id.
Here, the record does not indicate that appellant demanded to execute her Minnesota sentence concurrently with her sentence from the Red Lake reservation. Even if appellant had requested execution of the sentences concurrently, she did not establish that the Red Lake tribal court, as the second sentencing court, preferred concurrent sentencing. See State v. Bradley , 906 N.W.2d 856, 859 (Minn. App. 2017) (stating that "a defendant is sentenced ...
*231 when a stay of imposition is given, not when it is later vacated"), review denied (Minn. Feb. 28, 2018); Jennings , 448 N.W.2d at 375 (requiring the second sentencing court in multi-state-sentencing situation to specify whether sentences run concurrently or consecutively). Thus, the Jennings exception allowing for concurrent sentencing in the multi-state context does not apply in this case.
When the district court stayed imposition of appellant's sentence in November 2011, it made clear that, if the stay later was revoked and appellant's sentence was executed, then the sentence would be consecutive as allowed by Minnesota law. This negates Minnesota's preference for concurrent sentencing, even if we decided that Jennings applies. Further, appellant's argument that the Red Lake tribal court expressed a preference for concurrent sentencing is not supported by the record. A provision in the Red Lake code entitled "Concurrent and Consecutive Sentences" indicates that "consecutive sentences may be given" under some circumstances. Red Lake Tribal Code § 411.01, subd. 6 (2018). This provision does not presume or prefer concurrent sentencing on its face. The only record evidence of appellant's Red Lake convictions and time in Red Lake custody is appellant's probation agent's violation report and addendum and defense counsel's representations at the sentencing hearing. Appellant offered no proof of her Red Lake sentence or that the Red Lake tribal court preferred, or ordered, concurrent sentencing here.
On this record, the Jennings exception does not apply, and because appellant's time served at the Red Lake detention center was not solely in connection with her Minnesota offense, appellant is not entitled to interjurisdictional jail credit.
II. Appellant was not denied equal protection of the law.
Appellant also argues that her rights under the Equal Protection Clauses of the United States and Minnesota Constitutions were violated. U.S. Const. amend. XIV, § 1 ; Minn. Const. art. I, § 2. Appellant contends that she was arbitrarily denied equal protection based on her race because a non-Indian who committed the same crimes that she did on the Red Lake reservation, either individually or with appellant, would have received jail credit for any related time that was served in a Minnesota county jail.
Appellant concedes that she did not raise this issue at the district court but asks this court to consider it in the interests of justice, as permitted by Minn. R. Crim. P. 28.02, subd. 11. Generally, we do not consider issues raised for the first time on appeal. See Robyv. State , 547 N.W.2d 354, 357 (Minn. 1996). Thus, we decline to address appellant's argument. Even if we considered it in the interests of justice, Minn. R. Crim. P. 28.02, subd. 11, we would find it to be without merit because a non-Indian who commits the same crimes on the reservation is not similarly situated to appellant as a tribal member residing on the reservation. See State v. Russell , 477 N.W.2d 886, 888-89 (Minn. 1991) (requiring persons similarly situated be treated alike unless rational basis exists for discriminating between them). The State of Minnesota would have jurisdiction over the non-Indian who committed the crimes on the reservation, State v. Holthusen , 261 Minn. 536, 113 N.W.2d 180, 184 (Minn. 1962), whereas the Red Lake tribe has jurisdiction over appellant for the acts she committed on the reservation. Even if appellant had raised the issue below, her equal-protection argument would fail because she is not and cannot be similarly situated to a non-Indian *232 who commits a crime on the Red Lake reservation.
DECISION
The district court did not err in applying the interjurisdictional rule for jail credit and denying appellant credit for time served at the Red Lake detention center for the crimes committed on the reservation.
Affirmed.

Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

The federal government retains limited jurisdiction over Red Lake tribal members for certain major crimes. See 18 U.S.C. § 1153 (2013).